IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Abdiyyah ben Alkebulanyahh, ) | |
| ) | Civil Action No. 6:09-2754-MBS-WMC |
| Plaintiff, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| South Carolina Department of Corrections; ) | |
| Lieutenant Roger Stewart; and Associate ) | |
| Warden Ralph Hunter, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court on the plaintiff's motion for a preliminary injunction (doc. 3). The plaintiff, a death row inmate at Lieber Correctional Institution who is proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. In his complaint, the plaintiff alleges excessive force by defendant Lieutenant Stewart during a forcible shearing incident on October 14, 2009. The plaintiff also alleges that he was subsequently placed in a "strip cell" with no linen or mattress, wearing only a pair of boxer shorts. The plaintiff states he has been denied legal materials needed to meet court deadlines regarding his PCR appeal and to "request for a stay of execution."

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

To obtain a preliminary injunction, the plaintiff must demonstrate "(1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." *Winter v. Natural Resources Defense Council. Inc.*, 129 S. Ct. 365, 374 (2008); *Real Truth About Obama, Inc. v. Federal Election Comn.*, 575 F.3d 342, 347 (4th Cir. 2009) (finding that "because of its differences with the *Winter* test, the *Blackwelder*

balance-of-hardship test may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit"). *See Scott v. Padula*, C.A. No. 0:08-3240-HFF-PJG, 2009 WL 2579464, *1 (D.S.C. August 18, 2009) (applying *Winter* standard).

In his motion for preliminary injunction, the plaintiff asks that the court prohibit the defendants from using chemical munitions. The plaintiff alleges severe bodily injury including partial blindness, a respiratory attack, and "temporary heart failure" as a result of chemical munitions used against him on October 14, 2009. He contends that he nearly died on that date. Defendants Associate Warden Hunter and Lieutenant Stewart have denied any use of force including use of chemical munitions on October 14th. In addition, the defendants have presented the plaintiff's medical records for 2009, which show that the last date the plaintiff requested and received any medical care was on April 19, 2009. The defendants argue that the plaintiff's medical records do not support his claim that chemical munitions were used against him on that date or that he sustained the serious bodily injuries that he has alleged (*see* Dash-Frazier aff. ¶¶ 2-3, ex A). The defendants further argue that the plaintiff cannot show a likelihood of success on the merits because he has failed to exhaust his administrative remedies prior to bringing this action. The defendants submitted the affidavit of Ann Hallman, an Inmate Grievance Administrator. In her affidavit, Ms. Hallman testified that the plaintiff submitted Grievance Number LCI-1376-09, alleging the use of chemical munitions by the defendants on October 14, 2009. That grievance was dated October 19, 2009, and was submitted on November 1, 2009 (*see* Hallman aff. ¶ 2). The plaintiff filed this action on October 27, 2009, before his grievance was even submitted and certainly before SCDC had any opportunity to process that grievance to finality. The defendants argue that the plaintiff has not presented sufficient evidence that chemical munitions were even used by the defendants on October 14, 2009. Further, as pointed out by the defendants, the plaintiff has alleged a single incident. There is no basis for this court to issue a preliminary injunction preventing the defendants from utilizing, as may be necessary in their professional judgment,

2

an acceptable and constitutional method of force. *See Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (the use of mace, tear gas or pepper spray is not *per se* unconstitutional).

The plaintiff next requests that the court prohibit the defendants from denying him access to his "legal and writing materials." The plaintiff alleges that he was placed in a strip cell on October 14, 2009, for a period of six days. The defendants deny that allegation. However, even if true, the plaintiff cannot show that the use of a strip cell is *per se* unconstitutional. In fact, this court has upheld a previous use of a strip cell in a Section 1983 action brought by the plaintiff. *See Roberts v. Ozmint*, C.A. No. 6:05-2324-MBS-WMC, 2006 WL 2303183, **2, 10-11 (D.S.C. 2006). Moreover, the temporary denial of "legal and writing materials" is not violative of the First Amendment right of access to the courts. In *Lewis v. Casey*, 518 U.S. 343, 349 (1996), the Supreme Court emphasized the necessity for the prisoner to show "actual injury" before obtaining any relief for the denial of access to the courts. Here, the plaintiff has not shown any actual injury. While he alleges that he has "limited days to file a stay of execution and an appeal," the plaintiff has presented no evidence of any such deadlines. Moreover, as an inmate sentenced to death, the plaintiff has been and presumably continues to be represented by appointed counsel.[1] Consequently, he has not shown how a brief denial of access to "legal and writing materials," assuming that to be true, is unconstitutional and worthy of preliminary injunctive relief.

The plaintiff has failed to make the required showing for issuance of a preliminary injunction. Based upon the foregoing, it is recommended the plaintiff's motion (doc. 3) be denied.

December 23, 2009  s/William M. Catoe
Greenville, South Carolina  United States Magistrate Judge

---

[1] In *State v. Roberts*, 614 S.E.2d 626 (S.C. 2005), the South Carolina Supreme Court denied the plaintiff's motion to proceed *pro se* finding that he does not have a federal or state constitutional right to proceed *pro se* in his direct appeal.

3