IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Abdiyyah ben Alkebulanyahh, aka Tyree Alphonso Roberts,<br><br>    Plaintiff,<br><br>vs.<br><br>Lieutenant Roger Stewart and Associate Warden Ralph Hunter,<br><br>    Defendants. | Civil Action No. 6:09-2754-MBS-WMC<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The plaintiff, proceeding *pro se*, brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

    On February 8, 2010, the Honorable Margaret B. Seymour, United States District Judge, filed a text order (doc. 43) giving the plaintiff 18 days to file objections to this court's report recommending denial of his motion for preliminary injunction. On February 16, 2010, the envelope containing the order was returned to the Clerk marked "Return to Sender - Refused" (doc. 50).

    Also on February 8, 2010, Judge Seymour filed an order adopting this court's recommendation that the South Carolina Department of Corrections' motion to dismiss be granted (doc. 45). The envelope containing this order was also returned to the Clerk on February 16, 2010, marked "Return to Sender - Refused" and "Refused to Sign" (doc. 51).

    In addition, on February 8, 2010, this court entered a text order granting the defendants' motion for extension of time to file dispositive motions (doc. 48). The envelope containing this order was returned to the Clerk on February 16, 2010, marked "Return to Sender - Refused" and "Refused to Sign" (doc. 52).

Subsequent investigation by the Clerk revealed that the South Carolina Department of Corrections had the plaintiff listed as Abdiyyah ben Alkebulanyahh, also known as Tyree Alphonso Roberts, and on February 16, 2010, the Clerk remailed the three documents (docs. 43, 45 and 48) to the plaintiff using both of his names as well as his inmate identification number. On February 24, 2010, the envelope containing the orders was returned to the Clerk marked "Return to Sender - Refused" (doc. 55).

On March 8, 2010, defendants Hunter and Stewart filed a motion for summary judgment (doc. 56). On March 9, 2010, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately (doc. 57). On March 17, 2010, the envelope containing the *Roseboro* order was returned to the Clerk marked "Return to Sender - Not Deliverable as Addressed - Unable to Forward" (doc. 59). On April 7, 2010, the *Roseboro* order was remailed to the plaintiff. The envelope was returned to the Clerk on April 20, 2010, marked "Refused Delivery" (doc. 61).

On April 23, 2010, Judge Seymour entered a text order indicating that the plaintiff had not received notification of the previous order giving him 18 days to file objections to the report and recommendation (doc. 64). In her order, Judge Seymour gave the plaintiff an additional 18 days to file objections. In another attempt to effect delivery, the Clerk addressed the envelope containing this order using only the name Tyree Alphonso Roberts and the plaintiff's inmate identification number. On April 29, 2010, the envelope was returned to the Clerk marked "Refused" (doc. 66).

Clearly, the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

April 30, 2010                                                   s/William M. Catoe
Greenville, South Carolina                        United States Magistrate Judge