IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Abdiyyah ben Alkebulanyahh, a.k.a. Tyree Alphonso Roberts, #6012, | )<br>)<br>) |
| Plaintiff, | ) C.A. No. 6:09-02754-MBS<br>)<br>) |
| vs. | )<br>) **ORDER** |
| Lieutenant Roger Stewart and Associate Warden Ralph Hunter, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

Plaintiff Abdiyyah ben Alkebulanyahh, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. § 1983 on October 27, 2009 against the South Carolina Department of Corrections (SCDC), Lieutenant Roger Stewart ("Stewart"), and Associate Warden Ralph Hunter ("Hunter"). Plaintiff, a death row inmate, is housed at Lieber Correctional Institution. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge William M. Catoe for pretrial handling. On October 28, 2009, Plaintiff was granted leave to proceed *in forma pauperis*. That same day, the Magistrate Judge issued a Report of Magistrate Judge recommending that the complaint be dismissed without prejudice as to SCDC.

On December 23, 2009, the Magistrate Judge issued a Report of Magistrate Judge recommending that Plaintiff's motion for a preliminary injunction be denied. On February 8, 2010, the court entered an order adopting the Magistrate Judge's recommendation that SCDC be dismissed from the case without prejudice and without service of process. That same day, the court filed a text order granting Plaintiff an additional eighteen (18) days from the entry of the text order to file objections to the Report of Magistrate Judge recommending denial of Plaintiff's motion for

preliminary injunction. The court also entered a text order on February 8, 2010 granting Defendants' motion for an extension of time to file dispositive motions. On February 16, 2010, the envelope containing the court's order dismissing SCDC from the case was returned to the clerk marked "Return to Sender - Refused" and "Refused to Sign." The envelopes containing the court's February 8, 2010 text orders were also returned to the Clerk on February 16, 2010 marked "Return to Sender - Refused."

The clerk subsequently discovered that SCDC had Plaintiff listed as Tyree Alphonso Roberts. Based upon this information, the clerk re-mailed the court's three February 8, 2010 orders to Plaintiff using both of his names and his inmate identification number. On February 24, 2010, the envelope containing the orders was returned to the clerk marked "Return to Sender - Refused."

On March 8, 2010, Defendants Roger Stewart and Ralph Hunter filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court issued an order on March 9, 2010, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. On March 17, 2010, the *Roseboro* order was returned to the Clerk marked "Return to Sender - Not Deliverable as Addressed - Unable to Forward." On April 7, 2010, the Clerk re-mailed the *Roseboro* order to Plaintiff. On April 20, 2010, the envelope containing the *Roseboro* order was again returned to the Clerk marked "Refused Delivery."

On April 23, 2010, the court entered a text order taking notice of the fact that the court's correspondence was not being successfully delivered to Plaintiff. The court's text order granted Plaintiff another eighteen days to file objections to the Report of Magistrate Judge recommending the denial of Plaintiff's motion for a preliminary injunction. In yet another attempt to deliver court

2

correspondence to Plaintiff, the Clerk addressed the envelope containing this order using only the name Tyree Alphonso Roberts and the Plaintiff's inmate identification number. On April 29, 2010, the envelope was returned to the clerk marked "Refused." On April 30, 2010, an envelope containing the court's order granting Defendants additional time to file dispositive motions was again returned to the Clerk marked "Return to Sender - Refused - Unable to Forward."

On April 30, 2010, the Magistrate Judge issued a Report of Magistrate Judge recommending that this action be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. On May 3, 2010, the court's April 23, 2010 text order was again returned to the Clerk marked "Return to Sender - Refused - Unable to Forward." A notation on the returned envelope indicates that Plaintiff refused legal mail on April 27, 2010 at 6:45 p.m.

## BACKGROUND

In his complaint, Plaintiff alleges that on October 14, 2009, Stewart sprayed chemical gas or mace into Plaintiff's face when Plaintiff stated that he did not intend to comb his hair or shave. Plaintiff contends that a few hours later, Stewart returned to Plaintiff's cell with several other guards, handcuffed him, and forcibly shaved his head and face. Plaintiff states that according to Stewart, these actions were authorized by Hunter.

Plaintiff states that he was then placed in a "strip-out" cell with "nothing but his boxer shorts." Plaintiff states that he was given no linens or mattress, bible or prayer rug. Plaintiff also states that he did not have access to his legal materials and that he needed to file an appeal with the state PCR court and a request for a stay of execution. Plaintiff states that he was confined to this cell from October 14, 2009 until October 20, 2009.

**DISCUSSION**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made. *Id.* The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The court has carefully reviewed the record and concurs in the Magistrate Judge's assessment that Plaintiff no longer wishes to pursue his case. The court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's case is dismissed with prejudice for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989), *cert. denied*, 493 U.S. 1084 (1990).

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

May 18, 2010
Columbia, South Carolina